Per Curiam.

Plaintiff, a patron in defendant Esposito’s restaurant, was injuried by the explosion of a bottle of ginger ale. Plaintiff did not order the ginger ale and was not being served with it, nor was anyone connected with him. Plaintiff sued Esposito and waived a jury. The court found in favor of plaintiff. This result necessarily involves the finding that Esposito was negligent. Plaintiff also sued Canada Dry Ginger Ale, Inc., the bottler of the ginger ale. His complaint was dismissed. These determinations necessarily involve three propositions— that Esposito was negligent; that Canada Dry was not negligent; that no relationship existed between plaintiff and Canada Dry. As there is no appeal from any of the above determinations, we are concluded by the results.
Esposito cross-complained against Canada Dry and the latter brought a third-party action against Owens-Illinois Glass Co., the manufacturer of the bottle. This latter, the third-party action was dismissed. We find no error therein. Esposito was successful on her cross complaint against Canada Dry. It is this claim that is being appealed. The cross complaint is based on breach of warranty. It can have no other basis, as it was found without exception that Canada Dry was not negligent. In order to maintain an action for breach of warranty, the purchaser must show that he used the product *623 properly. Here Esposito acquiesces in the finding that she did not. She therefore can have no claim.
The judgment should be reversed insofar as it awards judgment to defendant Esposito against defendant Canada Dry Ginger Ale, Inc., on the former’s cross complaint, and otherwise affirmed, without costs.
Hecht, J. P., and Steuer, J., concur in Per Curiam opinion; Tilzer, J., dissents and votes to affirm.
Judgment reversed, etc.